UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 20-62259-CIV-CANNON/HUNT

MAKE UP ARTS PRODUCTION
CORPORATION,

   Plaintiff/Judgment Creditor,

vs.

MAP USA GROUP, LLC, and
FRANCIS YVES BOUILLARD,

   Defendants/Judgment Debtors.
_____/

## REPORT AND RECOMMENDATION

   This matter is before the Court on Make Up Arts Production Corporation's Amended Motion for Entry of Final Default Judgment Against Priscilla Jesus De Oliveira ("Motion"). ECF No. 106. The Honorable Aileen M. Cannon referred this matter to the undersigned to take all necessary and proper action as required by law with respect to any and all proceedings supplementary, as well as the instant motion, for a report and recommendation. S*ee* ECF Nos. 72, 109; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, the record, argument of Plaintiff's counsel at the June 8, 2022 hearing, and being otherwise fully advised in the premises, the undersigned respectfully recommends that the Motion, ECF No. 106, be GRANTED in part.

## BACKGROUND

   Make Up Arts Production Corporation ("Make Up Arts") brought this action against MAP USA Group ("MAP USA") and Francis Bouillard raising allegations of unfair competition, breach of contract, and trademark infringement. ECF No. 1-2 at 17. The

clerk entered default against both MAP USA and Mr. Bouillard. ECF No. 51. The District Court then entered default judgment against both MAP USA and Mr. Bouillard. ECF Nos. 56, 57. Make Up Arts, as part of its post-judgment collection efforts, moved for supplementary proceedings and to implead third-party Priscilla Jesus de Oliveira. ECF No. 71. The District Court granted Make Up Arts' motion and impleaded Ms. Oliveira pursuant to Fla. Stat. § 56.29(2) "for the purposes of supplementary post judgment proceedings in aid of execution." ECF No. 72.

After other efforts to serve Ms. Oliveira proved unsuccessful, Ms. Oliveira was served with a Notice to Appear via publication in the Broward Daily Business Review. ECF No. 91. Ms. Oliveira has failed to appear in this action or respond in any way.

## DISCUSSION

"Proceedings supplementary are procedural mechanisms that provide a judgment creditor with means to investigate assets of the judgment debtor that might be used to satisfy a judgment." *Tara Prods., Inc., v. Hollywood Gadgets, Inc.*, No. 09-61436-CIV-SELTZER, 2014 WL 1047411, at *1 (Mar. 18, 2014). "Impleading third parties into a proceeding supplementary 'does not in and of itself imply liability on the part of the impleaded third parties . . . [but instead] provides them with an opportunity to raise their defenses and protect their interests consistent with genuine due process.'" *Yuetter-Beacham v. Med. Career Inst. of S. Fla. Inc.*, Case No. 15-80226-CIV-ROSENBERG/HOPKINS, 2017 WL 10775771, at *6 (S.D. Fla. Oct. 18, 2017) (quoting *Meija v. Ruiz*, 985 So. 2d 1109, 1112 (Fla. 3d DCA 2008)). "The court may order any property of the judgment debtor, not exempt from execution, or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any

person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt." Fla. Stat. § 56.29(6).

Pursuant to Rule 55(a), Make Up Arts moves for entry of final default judgment against Ms. Oliveira based upon her failure to appear in this action or otherwise respond to the Notice to Appear. ECF No. 106.

On February 17, 2022, the undersigned issued a Notice to Appear to Ms. Oliveira directing her to serve an affidavit within thirty days from the date of service. ECF No. 83. Make Up Arts represented, and the service affidavit confirms, that Ms. Oliveira could not be served at the property at issue for collection, which seemed to be unoccupied and vacant. ECF No. 98. The process server could not locate any other property associated with Ms. Oliveira other than the property at issue. Make Up Arts moved this Court to allow it to serve the Notice to Appear via publication. ECF No. 86. The undersigned granted the motion and the Notice to Appear was circulated in the Broward Daily Business Review for four consecutive weeks. To date, Ms. Oliveira has not appeared in the action, filed an affidavit, or responded to any of the motions Make Up Arts has filed.

Make Up Arts does not cite any cases, and the undersigned has not found any, where a default was entered against an impleaded execution defendant. One court within this District declined to enter a default under similar circumstances. *See Tara Prods., Inc.,* 2014 WL 1047411, at *2. However, as pointed out by *Yuetter-Beacham*, the *Tara Prods. Inc.* court was concerned that the impleaded party did not receive sufficient notice of the consequences of not appearing. *See Tara Prods. Inc.*, 2014 WL 1047411, at *2; *Yuetter-Beacham*, 2017 WL 10775771, at *10. As the *Yuetter-Beacham* court noted, the current version of the statute requires specific information designed to put the impleaded

3

party on notice.  *Yuetter-Beacham*, 2017 WL 10775771, at *10.[1]  As a result, this Court does not share the notice concerns of the court in *Tara Prods., Inc.*  Therefore, the undersigned recommends that default be entered against Ms. Oliveira.

However, obtaining a default judgment is a two-step process.  *See* Fed. R. Civ. P. 55(a).  First, the clerk must enter default against the non-responsive party.  *Id.*  Second, the non-defaulting party must then seek entry of default judgment under Rule 55(b).  Fed. R. Civ. P. 55(b).  The undersigned notes that Make Up Arts is familiar with this process because it obtained both the clerk's entry of default and default judgment against Mr. Bouillard and MAP USA in this action.  To conserve judicial resources, since the instant motion requests default judgment, the undersigned recommends that the District Court enter default judgment against Ms. Oliveira once Make Up Arts has followed the proper procedure and requested the clerk's entry of default and the clerk has entered default against Ms. Oliveira.

Under Section 56.29, a Notice to Appear "must describe with reasonable particularity the property . . . that may be available to satisfy the judgment."  Make Up Arts has complied with this requirement and has adequately described the property located at 1101 River Reach Drive, Unit #109, Fort Lauderdale, FL 33315, which is jointly owned by Mr. Bouillard and Ms. Oliveira.[2]  Make Up Arts provided evidence that Mr. Bouillard and

---

1. The undersigned recognizes that the report and recommendation was never adopted in *Yuetter-Beacham* due to the supplementary proceedings being voluntarily dismissed.  *See Yuetter-Beacham*, 15-80226, ECF No. 407.  Nevertheless, this fact does not change the analysis conducted.
2. During the evidentiary hearing held on June 8, 2022, Mr. Bouillard informed the Court that he has not spoken to Ms. Oliveira or had any contact with her.  Regardless, whether Mr. Bouillard and Ms. Oliveira are still married or are divorced, the property is jointly held either by tenants in common or by the entirety.

Ms. Oliveira are both listed on the deed. ECF No. 108. Mr. Bouillard confirmed at the hearing that he owns 50% of the property and Ms. Oliveira owns the other 50%. *Id.* at 32. Based on this evidence and the argument of Make Up Arts' counsel at the evidentiary hearing, the undersigned recommends that the District Court authorize seizure of the property located at 1101 River Reach Drive, Unit #109, Fort Lauderdale, FL, 33315, after default is entered to permit Make Up Arts to levy upon the property to partially satisfy its outstanding judgment.

## **RECOMMENDATION**

Based on the foregoing, the undersigned respectfully recommends that the District Court GRANT Make Up Arts' Motion for Default Judgment, but only after a clerk's entry of default has been entered against Ms. Oliveira. The undersigned further recommends that the District Court:

1. Direct the Clerk of Court to issue a Writ of Execution to be filed by Make Up Arts to allow it to proceed, execute, and levy upon the property owned by Ms. Oliveira located at 1101 River Reach Drive, Unit #109, Fort Lauderdale, FL 33315, to satisfy the at-issue judgment. The Writ filed by Make Up Arts should note that the only property of Ms. Oliveira's subject to the Writ is the property at issue.

2. Allow the United States Marshal for the Southern District of Florida, Broward County Sheriff, or any other law enforcement officer, and those persons acting under their supervision, to gain access, if necessary, by reasonable use of force, including, but not limited to, unlocking any doors or breaking

any locks to gain access to Ms. Oliveira's residence located at 1101 River Reach Drive, Unit #109, Fort Lauderdale, FL 33315.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); see *Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Fort Lauderdale, this 9th day of September, 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Aileen M. Cannon

All counsel of record